JONES, CATHOLIC BISHOP OF PORTO RICO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 107.—Decided March 11, 1912.

PROPERTY OF MEMBER OF RELIGIOUS COMMUNITIES—TRANSFER THEREOF TO COMMUNITY.—All members of a religious community by the mere fact of making their solemn vow transfer to the community to which they belong not only their present but their future possessions. *Quidquid monachus adquirit, monasterium adquirit.*

ECCLESIASTICAL LAW—PERSONALITY OF THE ROMAN CATHOLIC CHURCH.—When the question involved is the determination of the rights appertaining to and the relations existing between a nun, a convent, and the prelate of the diocese, as is the case here, the rules adopted by the Roman Catholic Church in the exercise of its powers to govern its own institutions are applicable and the personality of said church has been recognized fully by the Supreme Court of the United States and by the Supreme Court of Porto Rico, but, of course, within the constitutional limitations and principles of international law.

ANNUITIES—EFFECT OF REGISTRATION IN FAVOR OF A NUN—CANCELLATION.—The
annuity in question being recorded in the name of a Carmelite nun and the
Catholic bishop having authorized the cancellation thereof on behalf of the
convent of Carmelite nuns, the cancellation is properly made because by the
application of the principle of eccleciastical law above mentioned the annuity
in question being recorded in the name of the nun is *ipso jure* recorded
in the name of her convent, and it cannot be said that the interest is re-
corded in favor of a person other than the one disposing of it.

The facts are stated in the opinion.

*Mr. Quintin Negrón Sanjurjo* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A deed bearing No. 28 canceling two annuities, executed
in this city on April 26, 1911, before Notary Public Quintin
Negrón Sanjurjo, by the Right Reverend William A. Jones,
Catholic Bishop of Porto Rico, and Manuel Carvajal, was
presented for admission to record in the Registry of Prop-
erty of San Juan, Section 1; and on May 11, 1911, the regis-
trar recorded the cancellation of one of the annuities, but
refused to record that of the other, which encumbered house
No. 119 Sol Street, of this city, in favor of the Carmelite nun,
Sister Rosario María del Señor San José Ramírez, the ground
given by the registrar for such refusal being that, inasmuch
as the instrument itself sets forth that the annuity of Sister
María reverts to her convent, its cancellation cannot be ad-
mitted to record unless such reversion has first been recorded.

It is quite true that under article 20 of the Mortgage Law,
in order that instruments transferring or encumbering the
ownership or possession of real property or property rights
may be recorded or entered, the interest of the person con-
veying it or in whose name the transfer or encumbrance is
made must be previously recorded.

The above provision of the Mortgage Law though funda-
mental cannot, however, be invoked in this case as a ground
for refusing to enter the record requested, for the reason
that the annuity in question, once recorded in the name of
Sister María, becomes *ipso jure* recorded in the name of the
Convent of the Carmelite Nuns, on behalf of which the Cath-

olic Bishop made the cancellation; and, therefore, it cannot be said that the interest is recorded in favor of a person other than the one disposing of it.

All members of a religious community, be they friars or nuns, by the mere fact of making their solemn vow transfer to the community to which they belong not only their present but their future possessions. *Quidquid monachus adquirit, monasterium adquirit.*

These principles of Canon Law are perfectly applicable to this case for the reason that the question involved is the determination of the rights appertaining to and the relations existing between a nun, a convent and the prelate of the diocese, which are rights and relations which have been fixed by rules issued, in the exercise of its powers to govern its own institutions, by the Roman Catholic Church, the personality of which has been fully recognized by the Supreme Court of the United States and by the Supreme Court of Porto Rico, naturally within the constitutional limitations and principles of international law. *Jones v. Registrar of San Jwan, Section 1,* 17 P. R. R., 211 and *Román v. Registrar of San Juan,* 17 P. R. R., 304.

For the reasons above stated the decision appealed from should be reversed and the registrar directed to enter the record requested.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.